G. & H. TRANSPORT CO., INC. (PHILIPP WIRTH) *v.* UNITED STATES (No. 4240)[1]

United States Court of Customs and Patent Appeals, October 30, 1939

*Lamb & Lerch* (*Thomas J. McKenna* of counsel) for appellant.
*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney of counsel), for the United States.

[Oral argument October 6, 1939, by Mr. McKenna and Mr. McGrath]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

Suit was filed by appellant against the United States seeking to recover money claimed to have been illegally assessed upon certain asbestos filters and filter parts. Protests were filed against the action of the collector in liquidating the involved entries upon the basis of the appraised value rather than that of the entered value.

The case has been before this court in three prior appeals. The goods were first appraised by the local appraiser upon the basis of foreign-market value. Appellant conceded that there was a foreign-market value but was dissatisfied with the amount of that value as found by the appraiser and filed appeals for reappraisement. The single justice before whom the appeal was heard found the mer-

[1] C. A. D. 78.

chandise to be dutiable on the basis of foreign value. The Government, dissatisfied with the amount of value found, appealed to an appellate division of the United States Customs Court which affirmed the decision appealed from. On appeal to this court the decision of the appellate division was reversed, this court holding that there was no evidence of foreign value of record. It had been conceded by counsel for the parties that the merchandise had no export value. This court remanded the case for a new trial in order that the parties might have an opportunity to present evidence of United States value or cost of production. *United States* v. *Philipp Wirth et al.*, 20 C. C. P. A. (Customs) 94, T. D. 45705.

Upon remand a new trial was had before a single judge who, after hearing testimony held that no United States value had been shown but that cost of production had been proved. Appeal was taken from the judgment of the single judge to the said appellate division which reversed said finding and entered judgment remanding the case with direction to dismiss the appeals. From the judgment of the appellate division both parties appealed to this court which reversed the judgment of the appellate division and again remanded the case with instructions to make findings as to cost of production if any such cost was found to be shown by the record. *Philipp Wirth et al.* v. *United States*, 23 C. C. P. A. (Customs) 283, T. D. 48144.

Upon remand the single judge found cost of production, which finding was reversed by the appellate division which held that the evidence was insufficient to establish cost of production and remanded the cases with instructions to dismiss the appeals for failure of proof. Upon appeal to this court the judgment of the appellate division was affirmed, *United States* v. *Philipp Wirth et al.*, 24 C. C. P. A. (Customs) 188, T. D. 48654, and the appeals were dismissed in accordance with the mandate of this court. The collector thereafter liquidated the entries at the value found by the local appraiser. Appellant duly filed its protests alleging that the liquidation by the collector was based upon a value which this court and the court below found—

null and invalid as having been based upon an erroneous theory of law; that the said value was, therefore, not the proper dutiable value, that the liquidation based thereon was accordingly void, and that the only evidence of a true value upon which duty can be assessed is the invoice value of the price actually paid for the merchandise—

and that duty should have been taken upon the entered value.

The United States Customs Court, after trial in New York City, rendered judgment overruling the protests and from that judgment this appeal was taken.

The issue to be decided is whether the liquidation by the collector is void when based upon the appraisement of the local appraiser as above set out.

The assessment of duty by the collector is governed by section 503 of the Tariff Act of 1922 which was in force and effect at the time of the importation here involved. It reads:

SEC. 503. DUTIABLE VALUE.

Whenever imported merchandise is subject to an ad valorem rate of duty or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the value returned by the appraiser, general appraiser, or Board of General Appraisers, as the case may be. * * *

It is shown by the history of the lengthy litigation herein that the appeals of appellant were finally dismissed.

There is a clear distinction between a null and void appraisement and an erroneous appraisement. *United States* v. *F. W. Woolworth Co., et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126. A null and void appraisement is one where the mandatory provisions of the pertinent statutes have not been complied with; an erroneous appraisement is one where the mandatory provisions of the statutes have been complied with but the appraiser has made some error in judgment. In the instant case the mandatory provisions of the statute have been complied with. The appraisal was not null and void.

Appellant contends that this court decided in the first *Wirth* case, *supra,* that the value used by the collector was not a lawful value. This contention is a misapprehension of what the opinion holds. In that case we held that there was no "substantial evidence of record to establish a foreign value of the merchandise."

This holding did not render the original appraisement void. The most that can be said of our holding in that case in this respect is that on the record before us an erroneous basis of arriving at the value of the merchandise was used by the trial court. The value had been ascertained on the wrong theory. This does not render the appraisement null and void.

In any event it is not the values returned by the appraiser that are before the trial court. This was succinctly set forth in the case of *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 37, T. D. 43324. In that case we said:

Counsel in this case, as in many, seem to be laboring under the erroneous impression that the real issue before the trial court is: Are the values returned by the appraiser the proper dutiable values of the merchandise? That is not the issue in reappraisement cases. We have many times held that the trial by an associate justice of an appeal to reappraisement is *de novo*, and that no presumption of correctness attends the decision of the appraiser. See *Happel & McAvoy (Inc.)* v. *United States*, 16 Ct. Cust. Appls. 161, T. D. 42791, and cases cited. Accordingly, it is incumbent upon the party who perfected the appeal to meet every material

issue involved in the case. If he fails to do so, his appeal is subject to dismissal by the trial court, in which event the appraised value would be in full force and effect. *United States* v. *F. B. Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 278, T. D. 43120.

Appellant had the burden of proving not only that the value found by the appraiser was erroneous but also of proving the correct dutiable value. It proved only that the basis of value found by the appraiser was erroneous but did not prove the correct dutiable value. Therefore, his appeals were properly dismissed and the collector in adopting the original appraised value properly followed the statute.

The judgment appealed from is *affirmed*.